Prickett *v.* Prickett's Administrators.

PRICKETT and others, appellants, and PRICKETT'S ADMINISTRATORS, respondents.

1. Delivery of a bill by a decedent, shortly before his death, to his son, who took out letters of administration, at the same time telling him to collect it and take care of it, is not a gift, and he will be required to account for it.

2. Compensation cannot be recovered for services rendered a parent after the child attains majority, while a member of his parent's family, where no arrangement or agreement has been made as to payment for such services, and no circumstances are shown from which such an understanding can be fairly inferred.

This was an appeal from the decree of the Orphans Court of the county of Burlington, refusing to allow exceptions

taken by the appellants to the final account of the respondents, as administrators of Zachariah Prickett.

*Mr. F. Voorhees,* for appellants.

*Mr. Merritt,* for respondents.

THE ORDINARY.

The first exception in the Orphans Court is, that the accountants had not charged themselves with all the estate of the deceased, which had come to their hands.   The proof to sustain this was, that the accountant, Charles S. Prickett, lived with the intestate, who was his father, to the time of his death, as one of his family, and had the management of the intestate's farm, sold the produce and received the price, which he paid over to his father.   The decedent shortly before his death handed to Charles a bill of $102, for grain sold, told him to collect it and take care of it.   Charles collected the money after his father's death, but did not charge himself with it in his account.   The whole question depends upon the inference to be drawn from the language of the intestate, in handing the bill for collection.   The respondents contend that this was a gift.   The words clearly do not import a gift, and there is nothing in the circumstances or the habit of dealing between the parties before this, which can convert this expression into a gift.   I think the court should have charged the administrators with this amount received by one of them.

The second exception is to the allowance and payment of accounts presented by four of the children of the deceased, for services performed in his lifetime, while living with him as members of his family.

When a child renders services to a parent, after the child is of age, but while he is a member of the parent's family, and no arrangement or agreement has been made as to payment for such services, and no circumstances are shown from

which such understanding can be fairly inferred, the child cannot recover compensation for such services; nor, on the other hand, can the parent recover for board, clothing, or other things furnished to a child while living with him as a member of the family, without some agreement or understanding for that purpose; and especially when such services are rendered by a child who receives board, clothing, and other support from the parent while a member of the family, and no agreement or understanding is had as to payment for either, it will be inferred that neither was to be paid for. *Ridgway's Ex'r* v. *English*, 2 *Zab.* 409; *Updike* v. *Titus*, 2 *Beas.* 151; *Updike* v. *Tenbroeck*, 3 *Vroom* 105.

The fact that each of these children rendered these services for years before the death of their father, and received their support from him, and that neither kept or rendered to their father any account for their services or of their support, and that compensation or amounts were never spoken of or alluded to between them, is strong proof that compensation was not expected or intended by either party. Gilbert, one of the sons, had been away from home after he became of age, keeping school and working at wages for himself, but staying at his father's from time to time. His father told him there was a home for him, and he must help take care of it; that he could earn as much there as he could anywhere else, and that his help was needed there. After that Gilbert remained at home, worked on the farm and was supported by his father. This does not amount to an agreement to pay wages, or to an understanding that he was to return home on wages. It was the offer of a home to a son who had been engaged in desultory occupations since he had left it, with an assurance that he could make himself useful, and would be no burden to his father if he would help take care of it. Gilbert so considered this offer, for he presented no account to his father for these services in his lifetime, and testifies that he did not intend to present an account after his death until he found that others of the children were

doing so. As to the accounts of the other children, there is no proof whatever to take them out of the established rule in such cases. The Orphans Court should have sustained this exception, and the decree must be reversed.